**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 01-40865
Summary Calendar
_____


NANCY SALINAS, also known as Shae,

                                        Plaintiff-Appellant,


VERSUS


NUECES COUNTY COMMUNITY SUPERVISION
AND CORRECTIONS DEPARTMENT; et al.,

                                        Defendants,

                EDDIE GONZALEZ,

                                        Defendant-Appellee.



_____

Appeal from the United States District Court
for the Southern District of Texas
(C-00-CV-217)
_____
April 23, 2002


Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

_____

   [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Nancy Salinas sued her former employer, the Nueces County Community Supervision & Corrections Department ("the Department"), and her former supervisor, Eddie Gonzalez, claiming that she was fired for criticizing alleged injustices and inefficiencies within the Department in violation of the First Amendment and 42 U.S.C. § 1983. The district court granted summary judgment in favor of Mr. Gonzalez on the grounds of qualified immunity. Because the district court granted summary judgment in violation of a stay issued by prior panel of this court, we vacate and remand for further proceedings.

## I.

On May 30, 2000, Salinas sued the Department and Mr. Gonzales in his official and individual capacities under 42 U.S.C. § 1983, alleging that she was terminated in retaliation for exercising her First Amendment right to free speech. Shortly thereafter, the Department filed a Rule 12(b)(6) motion to dismiss for failure to state a claim. After the Department filed its motion to dismiss, Ms. Salinas filed an amended complaint dismissing all charges against the Department and proceeding solely against Mr. Gonzalez.

On September 25, 2000, Mr. Gonzalez filed a motion to dismiss the claims filed against him in his official capacity, and on January 5, 2001, he filed a motion for summary judgment on the grounds of qualified immunity. On June 8, 2001, the district court

2

granted Mr. Gonzalez's motion to dismiss, but it did not rule on his motion for summary judgment.

The parties were set to meet in court for a pretrial conference on June 15, 2001, three days before their scheduled jury trial. But on June 14, before attending the pretrial conference, Mr. Gonzalez filed an interlocutory appeal with this court regarding the district court's failure to rule on his motion for summary judgment. Mr. Gonzalez also petitioned this court for an emergency stay of all proceedings in the district court pending his interlocutory appeal. Mr. Gonzalez's motion asked that we "stay the trial of this case and all other proceedings until this Court has an opportunity to review and rule upon this [interlocutory] appeal." (Def. Gonzalez's Mot. to Stay All Proceedings and Trial Set for June 18, 2001, at ¶ 4). On that same day, a panel of this court ordered the district court to "stay all proceedings and the trial set for June 18, 2001, pending appeal." Salinas v. Nueces County Cmty. Supervision & Corr. Dep't, No. 01-40640 (5th Cir. June 14, 2001).

Despite the stay, the district court ordered the parties to appear on June 27, 2001 for a hearing on Mr. Gonzalez's motion for summary judgment. Then, on June 29, 2001, while this court's stay was still in effect, the district court entered an order granting Mr. Gonzalez's motion for summary judgment. On July 24, having procured a favorable summary judgment ruling, Mr. Gonzalez filed a motion with this court to dismiss his interlocutory appeal as moot.

3

The next day, the clerk of the Fifth Circuit filed an order granting Mr. Gonzalez's motion to dismiss the appeal.

Ms. Salinas has appealed the district court's summary judgment ruling arguing, among other things, that the court's ruling violated the stay. Although she was represented by counsel in the district court, Ms. Salinas appeals her summary judgment dismissal pro se.

**II.**

This court has the jurisdiction to stay proceedings in district court under the All Writs Act, 28 U.S.C. § 1651 (1994). See also Fed. R. App. P. 8(a)(2); 11 Charles A. Wright et al., Federal Practice and Procedure § 2908, at 528-29 (1995). The power to stay is part a court's inherent power to preserve the status quo pending appeal. Pettway v. American Cast Iron Pipe Co., 411 F.2d 998, 1003 (5th Cir. 1969). The scope of the prior panel's stay order was clear: "It is ORDERED that Appellant's motion to stay all proceedings and the trial set for June 18, 2001, pending appeal is GRANTED." Salinas v. Nueces County Cmty. Supervision & Corr. Dep't, No. 01-40640 (5th Cir. June 14, 2001) (italics added). Since the district court commenced proceedings in violation of this court's stay, we VACATE the district court's summary judgment ruling and REMAND for further proceedings.

4